**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | **Crim. No. 00-CR-0046-04** (Judge Caldwell) |
| JOSEPH CORDO, : | |
| Defendant. : | |

**COUNSELED MOTION TO VACATE SENTENCE**

1. Movant Joseph Cordo was convicted in this Court in 2001, and sentenced on remand from the United States Court of Appeals for the Third Circuit on July 10, 2003. Because the Court of Appeals had affirmed his convictions, although it vacated and remanded his sentence, and the Court of Appeals did not stay its mandate pending certiorari, the resentencing occurred during the pendency of Mr. Cordo's direct appeal, that is, prior to the denial by the Supreme Court of the United States of his petition for a writ of certiorari.

2. The grand jury returned a 58-count indictment on February 16, 2000, charging fraud, conspiracy, and money laundering offenses, plus a criminal forfeiture, against R. Steven Stackpole, Jeffrey Klepper, Scott Stackpole, and Joseph Cordo. Mr. Cordo pleaded Not Guilty. Trial before Judge Caldwell and a jury commenced on September 18, 2000, and continued for eleven days. At trial, Mr. Cordo testified in his own defense.

-1-

3. On October 6, 2000, the third day of deliberations, the jury returned verdicts convicting Mr. Cordo on all counts in which he was charged. These were conspiracy to commit mail fraud (18 U.S.C. § 1341), in violation of 18 U.S.C. § 371 (Count 12); money laundering conspiracy, 18 U.S.C. § 1956(h) (Count 13); and 13 substantive counts of money laundering, 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 26-38). After return of the principal verdicts, Mr. Cordo pleaded guilty conditionally to the forfeiture count.

4. On May 18, 2001, Judge Caldwell sentenced Mr. Cordo to serve 96 months' imprisonment, to be followed by three years' supervised release. The Court also sentenced him to pay a total of $1,217,699.00 in restitution (joint and several liability), with various amounts payable to a list of 27 individuals. Mr. Cordo was further sentenced to pay special assessments of $1500 and to forfeit his interest in certain property. The Court did not impose a fine.

5. A judgment reflecting the sentence was prepared and filed May 18 and entered on the docket of this Court on May 22, 2001. Mr. Cordo thereupon took a timely direct appeal to the United States Court of Appeals for the Third Circuit.

6. In the Third Circuit, Mr. Cordo raised several issues.

   a. One point on appeal challenged the jury instructions concerning mail fraud, insofar as this Court allowed conviction for mere omission of material facts, without requiring the jury to find a fiduciary relationship if it did not rely on affirmative misrepresentations in support of its verdict. Mr. Cordo

pointed out that the federal law of mail (or wire) fraud does not encompass a theory of fraud by omission, in the absence of either a fiduciary relationship or a legally imposed duty of disclosure.  As a result, he argued, this Court committed plain error by informing the jury that a material omission qualifies (without more) as a "misrepresentation" for purposes of mail fraud.

   b.  The only sentencing issue raised on appeal was a challenge to this Court's application of the United States Sentencing Guidelines' grouping rules.  These rules determined whether additional levels would result from combining the separate fraud conspiracy and money laundering calculations.

   7.  On April 4, 2003, the court of appeals filed its opinion and judgment.  The Court reversed his sentence, because this Court had treated the money laundering charges as forming under the U.S. Sentencing Guidelines a "group of closely related counts" separate from the mail fraud conspiracy.  <u>United States v. Cordo</u>, 324 F.3d 223 (3d Cir. 2003).  The court affirmed Mr. Cordo's convictions, however, for reasons given in a non-precedential opinion filed the previous day in his co-appellants' case.  See <u>id.</u> n.3, adopting <u>United States v. Stackpole</u>, 64 Fed.Appx. 842, 2003 WL 1785929.

   8.  On remand, on July 10, 2003, this Court corrected its "grouping" error and resentenced Mr. Cordo to serve a term of 78 months, with all other aspects of the sentence to remain the same.  Mr. Cordo did not appeal that judgment, which was filed that day and entered on the docket July 16, 2003.

9.  Meanwhile, following the denial of a petition for rehearing in the Circuit, Mr. Cordo filed a timely petition for a writ of certiorari in the Supreme Court of the United States, pursuing the mail fraud issue.  On November 17, 2003, the Supreme Court denied the certiorari petition.  124 S.Ct. 588, 157 L.Ed.2d 433 (No. 03-584).  His conviction thus became final that day.

10.  Mr. Cordo continues in custody serving his amended sentence.  He is presently confined at the minimum security Federal Prison Camp attached to the Federal Correctional Institution, Fort Dix, New Jersey.  His federal prison Register Number is 10192-067.  At the time of filing this motion, he has served more than 40 months of his sentence.

11.  Other than the direct appeal from the judgment of conviction and sentence, Mr. Cordo has not previously filed any petition, application or other motion with respect to this judgment in any federal court.

### GROUNDS FOR RELIEF

12.A.  Movant Cordo's sentence was imposed in violation of his rights under the Grand Jury and Due Process Clauses of the Fifth Amendment, and the Jury Trial Clauses of the Sixth Amendment and of Article III, § 2, cl. 3, of the Constitution of the United States.  "[W]ithout citing cases or law," the facts in support of this claim, stated "briefly" are as follows:

   a.  This Court resentenced Mr. Cordo on the basis of the following Guidelines calculation:

<u>Mail Fraud Conspiracy (Count 12)</u>
```
    Base Level (USSG § 2F1.1)          6
    Loss between $5 million
         and $10 million              14
    More than min. planning            2
    Role in offense (§ 3B1.1(b))       3
    Abuse of position of trust         2
                                      27
```

<u>Money Laundering (remaining cts.)</u>
```
    Base Level (USSG § 2S1.1)         20
    Value of funds betw $600,000
         and $1 million                4
    Role in offense (§ 3B1.1(c))       2
                                      26
```

Grouping the counts pursuant to USSG § 3D1.2(b) as directed by the Court of Appeals, this produced a Guideline range at resentencing (employing the 1997 edition of the United States Sentencing Guidelines Manual) of 70-97 months at Level 27 (Criminal History Category I). After rejecting the defendant's motion for downward departure, this Court resentenced Mr. Cordo at the midpoint of that range, 78 months.

  b. Count 12 of the indictment alleges that the objective of the conspiracy was to obtain "approximately $7,313,504" from individual investors, banks and funeral homes, but the indictment neither contains nor incorporates any allegation by the grand jury that loss resulted from that offense, nor in particular that loss of between $5 and $10 million resulted.

  c. Count 12 of the indictment does not allege that Mr. Cordo exercised a supervisory role in the offense (as defined in USSG § 3B1.1), or that he abused a position of trust (as defined in USSG § 3B1.3).

      d.  The money laundering counts of the indictment do not allege that Mr. Cordo exercised a supervisory role in those offenses (as defined in USSG § 3B1.1).

      e.  No part of the indictment alleges that loss was sustained by any victim (as defined in 18 U.S.C. §§ 3663, 3663A) of any offense charged in Counts 12, 13, and/or 26-38, nor how much loss (if any) was sustained by whom.

      f.  At trial, the jury was not instructed to find, and did not find: (i) that loss resulted from the fraud conspiracy, nor in particular that loss of between $5 and $10 million resulted; (ii) that Mr. Cordo exercised a supervisory role in any offense (as defined in USSG § 3B1.1); (iii) that he abused a position of trust (as defined in USSG § 3B1.3); or (iv) that the value of funds involved in Counts 13 and/or 26-38 exceeded $100,000 (as defined in USSG § 2S1.1(B)(2)), nor in particular that these offenses involved an amount of funds between $600,000 and $1 million, to the extent that Mr. Cordo was responsible for them by the application of "relevant conduct" principles (as defined in USSG § 1B1.3); (v) the identity of or amount lost by any of the persons identified in the Judgment (attachment to page 7) as victims for purposes of restitution.

      g.  Count 58 of the indictment (money laundering forfeiture) did not allege that Mr. Cordo had a property interest, nor what that interest (if any) was, in the property identified therein as subject to forfeiture.

      h.  In pleading guilty conditionally to Count 58, Mr. Cordo did not stipulate that he had a property interest, nor

what that interest (if any) was, in the property identified therein as subject to forfeiture, nor did he stipulate to any facts that would show how the property was "involved in" the offenses charged in Counts 13 and/or 26-38, or was "traceable to" such property.  (None of the other matters alleged in Count 58 was a basis for entering a forfeiture under 18 U.S.C. § 982 on account of any offense for which Mr. Cordo was convicted.)

      i.  By reason of each of the findings of fact identified in subparagraphs (a), (f)(v) and (h) of this paragraph, the maximum sentence that could lawfully be imposed, and which was in fact imposed, on Mr. Cordo on account of his convictions was incrementally increased.

      j.  At sentencing, in making the findings identified in subparagraphs (a), (f) and (h) of this paragraph, this Court did not apply a burden of proof beyond a reasonable doubt, and there was in fact a reasonable doubt about the accuracy of each such finding of fact.

      k.  Had Mr. Cordo been sentenced under the United States Sentencing Guidelines and other applicable sentencing statutes solely on the basis of facts alleged in the counts of conviction (or incorporated by reference therein) and found by the jury beyond a reasonable doubt, the applicable guideline range would have been no more than 33-41 months (at Level 20, Criminal History I, per USSG § 2S1.1(a)(2)), with no restitution or criminal forfeiture.

      B.  In the alternative, Movant Cordo was sentenced under the Sentencing Reform Act and implementing guidelines, which on

their face violate the Grand Jury and Due Process Clauses of the Fifth Amendment and the Jury Trial Clauses of the Sixth Amendment and of Article III, § 2, cl. 3, of the Constitution of the United States.  "[W]ithout citing cases or law," the facts in support of this claim, stated "briefly" are as follows:

    a.  Absent departure, section 3553(b) of title 18 of the United States Code requires that the Court impose a sentence (and in this case the Court did sentence) within the range established by the United States Sentencing Guidelines.

    b.  To arrive at the maximum sentence under the Sentencing Reform Act and Guidelines, that is, the top of the applicable range, Fed.R.Crim.P. 32(i)(3) (formerly Rule 32(c)(1)) and USSG § 6A1.3 (p.s.), as interpreted in binding case law, require that the Court must (and in this case did) make findings of fact, using a burden of proof by a preponderance of the evidence.

    c.  Had Mr. Cordo been sentenced without reliance on the unconstitutional Sentencing Reform Act (including sections 3554 and 3556 of title 18) and implementing guidelines, his sentence would have been less severe.

13.  No petition or appeal is now pending in any court that could affect the judgment in this case.

14.  The name and address of each attorney who represented Mr. Cordo in the following stages of the proceedings in this case are:

    (a)  At preliminary hearing:  Does not apply.

    (b)  At arraignment and plea, trial and sentencing:

    Joshua D. Lock, Esq.
    Goldberg, Katzman & Shipman, P.C.
    P.O. Box 1268
    Harrisburg, PA  17108-1268

  (c)  On appeal and certiorari:

Peter Goldberger, Esq.
50 Rittenhouse Place
Ardmore, PA  19003

  (d)  At resentencing:  Joshua D. Lock, Esq.

15.  Mr. Cordo does not have any future sentence to serve after he completes the sentence imposed in this case.

16.  The movant's verification of this motion pursuant to Fed.R.Gov. § 2255 Proc. 2(b) and Loc.R. 83.32.1 will be filed separately upon its receipt from the movant by counsel.

WHEREFORE, the defendant-movant prays that this Court:

  a.  Enlarge the movant on bail pending disposition of this motion;

  b.  Hold this motion in abeyance pending the forthcoming decision of the Supreme Court of the United States in <u>United States v. Booker</u>, No. 04-104, and <u>United States v. Fanfan</u>, No. 04-105; and then

  c.  Permit the movant to file a memorandum of law in support of this motion in light of the decision of the Supreme Court in those cases;

  d.  Direct the government under Fed.R.Gov. § 2255 Proc. 4(b) to file an answer to this motion and to the Movant's Memorandum of Law; and, after hearing if necessary,

     e.  Vacate the judgment of sentence and resentence defendant Joseph Cordo to a lesser term of imprisonment.

                                 Respectfully submitted,

Dated:  November 17, 2004     *s/Peter Goldberger*
                                   By: PETER GOLDBERGER
                                       50 Rittenhouse Place
                                       Ardmore, PA  19003

                                       (610) 649-8200

                                     <u>Counsel for the Movant</u>