**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **Nos. 00-CR-0046-04** |
| JOSEPH CORDO, | : | (Judge Caldwell) |
| Defendant. | : | **FILED ELECTRONICALLY** |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

Joseph M. Cordo filed a motion under 28 U.S.C. § 2255 challenging his sentence. The government responded on February 18. This is the defendant's reply.

The government's response raises one defense to the petition, and one only: the "Teague doctrine." Thus, the government does not deny that Mr. Cordo was sentenced in violation of the Sixth Amendment,[1] and has waived any and all other affirmative defenses, such as limitations or procedural default. (Nor should the Court invoke that waivable, affirmative defense for the United States sua sponte. See Rucker v. United States, 2005 WL 331336, *2-*3 (D.Utah Feb. 10,

---

[1] The Response comments that "Cordo did not specifically cite Blakely v. Washington, 542 U.S. --, 124 S.Ct. 2531 (2004), [in] his petition ...." Resp. at 3. The point of this observation is unclear. The mandatory instructions for filing a motion under § 2255 state that the petitioner must not "argue or cite any law."

2005).) The government's Teague position does not refute the points made in Mr. Cordo's opening memorandum.

Mr. Cordo's position under Teague is that the "new rule" of constitutional criminal procedure he invokes was announced in Ring v. Arizona, 536 U.S. 584 (2002). This is not a "clever attempt to circumvent the Teague Doctrine," Resp. at 6, nor is it particularly "creative." Resp. at 7. Left-handed compliments aside, all the defendant's memorandum does is offer a valid legal argument in support of granting Mr. Cordo relief from an unconstitutional sentence. What is important is whether that argument is correct or incorrect; it hardly matters whether the argument is one the prosecutor had anticipated.

Turning to the substance of the matter, it is fundamental that no "new rule" was announced in Booker; nothing in the *constitutional* analysis applied in Booker is "new," even in the unique sense in which that concept is used for purposes of Teague analysis.[2] The government at one point in its memorandum misstates the key test as being "whether the case law, as it existed *at the time of sentencing*, should have compelled the sentencing court to find a Guideline sentence violated the Sixth Amendment right to jury trial." Resp. at 8 (emphasis added). To the contrary, the question before the Court at this time is whether the case law, as it existed *at the time Mr. Cordo's conviction became final* (that is, on November 17, 2003), compelled that conclusion. In light of Ring's extension and application of Apprendi, it did. Mr. Cordo's opening memorandum of law

---

[2] Obviously, in the aftermath of Booker, there is a lot that is "new" in federal sentencing. But the "new rule of constitutional criminal procedure" from which those changes derive was not itself announced in Booker. In McReynolds v. United States, 397 F.3d 479, 481 (2005), the Seventh Circuit overlooked the distinction between a "new rule" of constitutional law, on the one hand, and a new *regime* of sentencing criteria resulting from severance of a statute to avoid striking the whole of the statute as unconstitutional, on the other.

demonstrates this, and the government's Response does not really attempt to refute it.[3]

To undersigned counsel's knowledge, three Circuits in addition to the Seventh have now addressed the retroactivity of Booker sentencing in some fashion. None of those cases offers a reason for denying Mr. Cordo's motion. The Sixth Circuit decision in Humphress v. United States, 2005 WL 433191 (Feb. 25), for example, is completely irrelevant. That defendant's conviction became final in January 2000, before even Apprendi was decided. Since Apprendi indisputably announced a "new rule," that decision adds nothing to the mix. The petitioner's conviction in Varela v. United States, 2005 WL 367095 (11th Cir., Feb. 17) (per curiam), likewise predated Apprendi. Finally, the challenged convictions of the movant in United States v. Price, 2005 WL 535561 (10th Cir., March 8), became final in May 2002, prior to Ring. Thus, none of these other Circuits' cases are persuasive in the present context.

In any event, Mr. Cordo's motion asserts a second ground for granting relief that is not dependent upon a retroactive application of the constitutional rule of Ring, as applied in Booker. That is the due process "misapprehension" argument advanced at pages 6 to 7 of Mr. Cordo's memorandum. As stated there, "this Court imposed sentence in this case by selecting from a range which it was under the misapprehension was mandatory, when under the law, correctly understood, it was not." Deft. Mem., at 6. See United States v. Levy (Gozlon-Peretz), 865 F.2d 551, 559-60 (3d Cir. 1989) (in banc). There is nothing "new" about applying this well-established constitutional rule to the present situation.

---

[3] Mr. Cordo adheres to his position, as stated in the opening memorandum on the substantive as opposed to procedural nature of the Apprendi/Ring rule, and of its "watershed" quality. No further reply is warranted to the government's arguments on those aspects of the Teague issue.

The government has not even attempted to answer this aspect of the defendant's argument.

For all of these reasons, in addition to those discussed at greater length in the defendant's opening memorandum, the rule announced in <u>Apprendi</u> and clarified in <u>Ring</u>, as applied to federal sentencing under the Guidelines in <u>Booker</u>, is applicable to this case brought under 28 U.S.C. § 2255.  Moreover, sentence was imposed under a misapprehension of law, in violation of the due process clause.  For either reason, a resentencing under § 2255 is required.

## CONCLUSION

For these and any other reason which may occur to the Court, Joseph Cordo's motion to vacate sentence should be granted, and the case promptly set for resentencing.

Respectfully submitted,

Dated:  March 17, 2005

*s/Peter Goldberger*
PETER GOLDBERGER (PA 22364)
50 Rittenhouse Place
Ardmore, PA  19003-2276

 (610) 649-8200
fax: (610) 649-8362
e-mail: peter.goldberger@verizon.net

<u>Attorney for Defendant Cordo</u>

## CERTIFICATE OF SERVICE

On March 17, 2005, I served a copy of the foregoing document on the attorney for the government, by first class mail, addressed as follows:

Kim Douglas Daniel, Esq.
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA  17108-1754

___*s/Peter Goldberger*_____