```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,       :
       Plaintiff
                                 :

       vs.                       :   CRIMINAL NO.  1:CR-00-46-04

                                 :

JOSEPH CORDO,
       Defendant                  :


## M E M O R A N D U M

### I.  Introduction

The Defendant, Joseph Cordo, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. The Defendant raises a claim under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) *and United States v. Booker*, ___ U.S. ___, 125 S. Ct 738, 2005 WL 50108 (2005).

### II.  Background

On October 6, 2000, following a jury trial, the Defendant was convicted of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 (Count XII); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count XIII); and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts XXVI - XXXVIII). Subsequent to his conviction, the Defendant entered a conditional guilty plea to

criminal forfeiture pursuant to 18 U.S.C. § 982 and 21 U.S.C. 853(p) (Count LVIII).  The Defendant was sentenced to concurrent terms of 60 months imprisonment on Counts XII, 96 months on Count XIII, 96 months imprisonment on each of Counts XXVI - XXXVIII, three years supervised release on all counts, an assessment of $1,500, and restitution in the amount of $1,217,699.00.

At the time of his sentencing, the Defendant argued that the mail fraud and money laundering counts should be grouped together for the purpose of determining his base offense level.  We rejected this argument.  On appeal, the Third Circuit affirmed his conviction but found that the failure to group the offenses was an err and reversed and remanded for new sentencing.  *United States v. Cordo*, 324 F.3d 223 (3d Cir. 2003).  Since the Third Circuit did not stay its mandate, the Defendant was re-sentenced on July 10, 2003, to concurrent terms of 60 months imprisonment on Count XII, 78 months on Count XIII, 78 months imprisonment on each of Counts XXVI - XXXVIII, three years supervised release on all counts, an assessment of $1,500, and restitution in the amount of $1,217,699.00.  The Supreme Court denied certiorari with respect to the Defendant's challenge to his conviction on November 17, 2003.  Cordo did not appeal his new sentence.

On November 17, 2004, the Defendant filed a counseled 2255 motion. Cordo requested that his motion be stayed until the Supreme Court issued its decision in *Booker*. We granted his request and subsequent to the Court's decision in *Booker*, we ordered the Defendant and the Government to file briefs addressing Cordo's claim.

III.  Discussion

The Defendant's main argument is that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), dictated the results in *Blakely* and *Booker*.[1] As such, *Booker* should apply retroactively to his case. He further argues that even if a new rule was established in *Blakely* or *Booker*, it was of a substantive, and not procedural nature; that the *Apprendi/Ring* rule was a "watershed" change in the law; and that due process requires retroactivity because of the substantive changes to the law. Cordo argues that our previous decision in *United States v.*

---

[1] While the Defendant's brief in support and reply brief both state that the new rule he is seeking to apply was announced in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), a careful reading of his argument reveals that he is actually relying on *Apprendi*. ("Thus, *Blakely* again recognized that the seminal new-rule case was *Apprendi*, and that both *Ring* and *Blakely* were mere applications of that June 2000 rule.")(Doc. 254, Pl. Br., p. 11).

3

*Shade*, No. 1:CR-02-144-02, slip op. (M.D. Pa. Sep. 7, 2004)(Caldwell, J.), was in error because we failed to consider that *Apprendi* and *Ring* were decided before Shade's conviction became final and thus were applicable to him on collateral review.  The Government urges us to follow our previous decision and also argues that the new rule on which the Defendant relies was not announced in *Apprendi* or *Ring* but in either *Blakely* or *Booker*.

Our opinion in *United States v. Shade*, No. 1:CR-02-144-02, slip op. (M.D. Pa. Sep. 7, 2004)(Caldwell, J.), was preceded by an earlier opinion in the same case.  While our September 7, 2004, opinion focused on the Third Circuit's holding in *United States v. Swinton*, 333 F.3d 481 (3d Cir. 2003), and does not directly address the Defendant's contention that *Apprendi* dictated the result in *Blakely* and *Booker*, our August 18, 2004, opinion does.  In that opinion, we found that the rule in *Blakely* was new because it "was not compelled by earlier precedent."  *United States v. Shade*, No. 1:CR-02-144-02, slip op. at 3 (M.D. Pa. Aug. 18, 2004)(Caldwell, J.); *see also Rucker v. United States*, 2005 WL 331336 at *6 (D. Utah 2005)(finding that neither *Blakely* nor *Booker* was dictated by precedent).  We stated that courts would not have felt compelled to apply either *Apprendi* or *Ring* in the manner in which the

4

Defendant argues. *United States v. Shade*, No. 1:CR-02-144-02, slip op. at 3 (M.D. Pa. Aug. 18, 2004)(Caldwell, J.). We also found that the rule announced in *Blakely* is one of procedure. *Id*. at 4. While we have considered the Defendant's arguments, we find nothing in them that would alter our previous decision.

Further, we cannot accept the Defendant's argument that the *Apprendi/Ring* rule was a "watershed" change in the law. In *Swinton*, the Third Circuit held that *Apprendi* was not a watershed rule. Swinton, 333 F.3d at 490-1. We decline the Defendant's invitation to second-guess the Third Circuit, especially in light of the Supreme Court's decision in *Schiro v. Summerlin*, __ U.S. __, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004), which held that *Ring* was not a watershed rule.

Finally, the Defendant has offered the argument that since we had the misapprehension that the guidelines were mandatory, we should vacate his sentence. However, in light of our finding that precedent did not compel the decision in *Blakely* or *Booker*, that the rule is procedural and not substantive, and since the guidelines were clearly mandatory at the time the Defendant was sentenced, we reject this argument. The cases relied upon by the Defendant focus on the application of erroneous factual assumptions during sentencing. For example, In *United States v. Tabares*, 86 F. 3d 326, 328 (3d Cir.

5

1996), the Third Circuit remanded for re-sentencing because the original sentence was based on the trial judges mistaken belief that Tabares had a prior conviction. Similarly, in *United States v. Furst*, 918 F.2d 400, 408 (3d Cir. 1990), the focus was on the possibility that trial court had relied upon disputed factual information at sentencing. *United States v. Levy*, 865 F.2d 551 (3d Cir. 1989), and *United State v. Katzin*, 824 F.2d 234 (3d Cir. 1987), also address factual misunderstandings. There is no dispute that at the time the Defendant was sentenced, the guidelines were mandatory. We do not agree that *Booker* stands for the proposition that the mandatory nature of the guidelines was a factual misunderstanding of the law at the time Cordo was sentenced or when his conviction became final.

IV.   Conclusion

Having considered the Defendant's arguments, we find no reason to reverse our previous decisions in *United States v. Shade*, No. 1:CR-02-144-02, slip op.(M.D. Pa. Aug. 18, 2004)(Caldwell, J.), and *United States v. Shade*, No. 1:CR-02-144-02, slip op. (M.D. Pa. Sep. 7, 2004)(Caldwell, J.). In our view the Court's recent decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 2005 WL 50108 (2005), does not alter these opinions. Thus, we will deny the Defendant's

motion. We will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for sixty (60) days to appeal our order denying his section 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

      We will enter an appropriate order.

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge

Date: March 29, 2005

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
          Plaintiff
                               :

     vs.                       :   CRIMINAL NO.  1:CR-00-46-04

                               :
JOSEPH CORDO,
          Defendant            :
```

O R D E R

AND NOW, this 29th day of March, 2005, it is Ordered that:

    1. Defendant's 2255 motion (Doc. 243) is denied.

    2. Based on the accompanying memorandum, a certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge