**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **Nos. 00-CR-0046-04** |
| JOSEPH CORDO, | : | (Judge Caldwell) |
| Defendant. | : | **FILED ELECTRONICALLY** |

DEFENDANT-MOVANT'S MOTION TO ALTER OR AMEND
THE JUDGMENT TO ALLOW CERTIFICATE OF APPEALABILITY
WITH INCORPORATED POINTS AND AUTHORITIES
_____AND CERTIFICATE OF NON-CONCURRENCE_____

The defendant-movant, Joseph M. Cordo, through undersigned counsel, moves pursuant to Fed.R.Civ.P. 59(e), Loc.R. 7.10 and Loc.R. 59.1 for reconsideration and to alter or amend the judgment (that is, the dispositive order) filed and entered March 29, 2005, denying his motion to vacate sentence under 28 U.S.C. § 2255. This motion is timely filed within 10 working days after entry of judgment, as measured under Fed.R.Civ.P. 6(a).

The Court's memorandum denies relief on the Blakely/Booker issue because it finds those decisions not to be retroactively applicable on collateral attack. Mem. 3-5. The Court determines that the due process doctrine which invalidates a sentence imposed under a misapprehension of fact or law only applies to misapprehensions of fact. Mem. 5-6. The memorandum would further deny Mr. Cordo a certificate of appealability "based on the analysis in this memorandum." Mem. 7. The instant motion seeks reconsideration and to alter that

-1-

judgment only to the extent of seeking a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1). The correctness of this court's judgment is at least "debatable" among jurists of reason. See Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniels, 529 U.S. 473, 484 (2000), quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983).

      Mr. Cordo's conviction became final on November 17, 2003, when certiorari was denied following his direct appeal. Cordo v. United States, 540 U.S. 1018, 124 S.Ct. 588, 157 L.Ed.2d 433 (No. 03-584). This was after the Supreme Court decision in Ring v. Arizona, 536 U.S. 584 (2002), but prior to the decision in Blakely v. Washington, 542 U.S. --, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). As this Court's memorandum recognizes, it therefore follows, for purposes of applying Teague v. Lane, 489 U.S. 288 (1989), that if the decision in Blakely was compelled by the decisions in Ring and Apprendi v. New Jersey, 530 U.S. 446 (2000), then all three decisions are retroactively applicable to him. On the other hand, if the constitutional challenge to his sentence presented in the § 2255 motion arises only by virtue of Blakely -- that is, if Blakely itself announced a "new rule" under Teague -- then the Teague non-retroactivity doctrine applies, and the rule cannot be applied to him unless it is either substantive or a "watershed" development.* A rule which is "compelled" by precedent is not "new" in this doctrinal framework; a rule which was not compelled, on the other

---

* While movant's brief does state (correctly) that the "seminal" decision in this line is Apprendi, see Mem. at 3 n.1, it does not follow from that statement that he relies exclusively on Apprendi as a "new rule." Whether or not Ring was "compelled" by Apprendi (and Schriro v. Summerlin, 542 U.S. --, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004), may be read to suggest it was not) is immaterial to Mr. Cordo's case. New or not, the Ring decision must be applied retroactively to Mr. Cordo because of its date of decision. (No new constitutional rule at all was announced in Booker. What was new in Booker was the remedy for the constitutional flaw under Blakely identified there in the Sentencing Reform Act and Guidelines.)

hand, is "new."  See Beard v. Banks, 542 U.S. --, 124 S.Ct. 2504, 2511-13, 159 L.Ed.2d 494 (June 24, 2004).  Since reasonable jurists could debate whether Blakely was "compelled" by Apprendi as implemented in Ring, a certificate of appealability should be granted.

      Both Supreme Court and Third Circuit authority provide a reasonable basis for Mr. Cordo to argue on appeal that the Blakely rule was not "new" in the pertinent sense.  As Justice Scalia wrote for the majority in Blakely:  "Our precedents *make clear*, however, that the 'statutory maximum' for Apprendi purposes is the maximum sentence that a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely, 124 S.Ct. at 2537 (emphasis added).  Blakely, in other words, was at least dictated by Ring, if not by Apprendi itself, or so some reasonable jurists could conclude.  Moreover, in United States v. Hartman, 117 Fed. Appx. 829, **2 n.2 (3d Cir. 2004) (non-precedential), a Third Circuit panel opined that "Blakely simply applied the rule expressed in Apprendi."  The Circuit Judges who decided Hartman are presumably rational in their views, as are the members of Justice Scalia's majority in Blakely itself.  Moreover, as petitioner noted in his reply memorandum, at least three Circuits have addressed the retroactivity question on its merits, necessarily after having granted a COA in each case.  This Court's determination to deny a certificate thus conflicts with the assessment of the legitimacy of the issue by many Circuit Judges.  Hence, reasonable jurists could debate whether Mr. Cordo is entitled to invoke the Blakely-Booker doctrine, and a COA should therefore be granted.

      This Court's dismissal of Mr. Cordo's second ground for granting relief is also debatable among jurists of reason.  A reasonable jurist could surely read the Third Circuit's en banc decision in United States v. Levy (Gozlon-Peretz), 865 F.2d 551, 559-60 (3d Cir. 1989), as covering not simply "erroneous factual

-3-

assumptions," Mem. at 5, but also mistaken understandings of aspects of the law governing sentencing. (In Levy, itself Judge Gerry's misapprehension concerned the question whether parole was possible under the sentence imposed.) Reasonable jurists could also debate, at the least, whether the doctrine applies to "facts" which are "true" in the historical sense but of which subsequent legal developments have changed the significance. See, e.g., United States v. Tucker, 404 U.S. 443 (1972).

For these reasons, and notwithstanding its denial of Mr. Cordo's motion under 28 U.S.C. § 2255, the Court should issue a certificate of appealability, substantially in the form annexed. Undersigned counsel is authorized to certify, after consulting with Assistant U.S. Attorney Kim Douglas Daniel, that the government does not concur in this motion.

Respectfully submitted,

Dated: April 12, 2005

*s/Peter Goldberger*
PETER GOLDBERGER (PA 22364)
50 Rittenhouse Place
Ardmore, PA  19003-2276

 (610) 649-8200
fax: (610) 649-8362
e-mail: peter.goldberger@verizon.net

Attorney for Defendant Cordo

CERTIFICATE OF SERVICE

On April 12, 2005, I served a copy of the foregoing document on the attorney for the government, by first class mail, addressed as follows:

Kim Douglas Daniel, Esq.
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA  17108-1754

___s/Peter Goldberger_____

-4-

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | **Nos. 00-CR-0046-04** |
| JOSEPH CORDO, : | (Judge Caldwell) |
| Defendant. : | |

O R D E R

AND NOW, this ___ day of April, 2005, upon review and consideration of the defendant's motion for reconsideration and to alter or amend the judgment of this Court dated and entered March 29, 2005, and for good cause shown IT IS ORDERED, pursuant to Fed.R.Civ.P. 59(e) and LR 7.10 that the defendant's motion is GRANTED. The Court issues a certificate of appealability pursuant to 28 U.S.C. § 2253(c), Fed.R.App.P. 22(b)(1), and 3d Cir. LAR 22.1 - 22.2, on the constitutional issues raised by the defendant's motion, including the question of the retroactive applicablility of the rule announced in <u>Apprendi</u>, <u>Ring</u>, <u>Blakely</u> or <u>Booker</u> to defendant Cordo's case and whether sentence was imposed under a misapprehension of law, in violation of due process.

_____
WILLIAM W. CALDWELL
United States District Judge