```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :
          Plaintiff
                                :

     vs.                        :   CRIMINAL NO.  1:CR-00-46-04

                                :
JOSEPH CORDO,
          Defendant             :
```

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering the Defendant's motion under Federal Rule of Civil Procedure 59(e) to alter or amend our order denying his motion to vacate pursuant to 28 U.S.C. § 2255. He argues that we erred in denying him a certificate of appealability (COA). He contends that our resolution of his *Blakely/Booker* claim and his claim regarding a misapprehension of law are debatable among jurists of reason. We will deny the motion.

"At the time a final order denying a petition under 28 U.S.C. § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue." Third Cir. Loc. App. R. 22.2. A COA is issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right is shown if "[t]he

petitioner...demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542, 555 (2000).

With regard to his claim under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) *and United States v. Booker*, __ U.S. __, 125 S. Ct 738, 160 L. Ed. 2d 621 (2005), the Defendant does not cite, and we have not found, any cases that apply the Supreme Court's holdings retroactively. On the contrary, courts that have considered the retroactivity of *Blakely* and *Booker* on collateral review have found that the holdings do not apply retroactively. *See, e.g., McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005)(*Booker* is not retroactive); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005)(*Blakely* is not retroactive); *United States v. Aikens*, 358 F. Supp. 2d 433, 440 (E.D. Pa. 2005)(declining to apply *Booker* on an initial 2255 motion). *Accord United States v. Swinton*, 333 F.3d 481, 490 (3d Cir. 2003)(*Apprendi* is not retroactive). As such, we cannot find that reasonable jurists would debate our assessment of the Defendant's *Blakely/Booker* claim.

Further, we find the Defendant's reliance on *United States v. Levy*, 865 F.2d 551 (1989), in support of his second argument, to be misplaced. The Defendant maintains that

reasonable jurists could debate as to whether a due process violation occurred at his sentencing because we had a mistaken understanding of the law which governed sentencing (the sentencing guidelines).  In *Levy*, the Third Circuit was concerned that the district court may have imposed a sentence with the mistaken belief that the Defendant would, at some point, be eligible for parole, despite statutory language to the contrary.  *Id*. at 559-60.  Inasmuch as the district court was mistaken in *Levy*, the mistake was one of fact, specifically, what the statute said.  In the instant case, however, the sentencing guidelines were mandatory and thus we were not mistaken in our understanding of how to apply them at the time of the Defendant's sentencing.

    AND NOW, this 9th day of May, 2005, it is Ordered that the Defendant's motion to alter or amend (doc. 263) is denied.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge